UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| ANTHONY J. INCAPRERA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. | 3:09-cv-83 |
| | ) | | |
| UNION PACIFIC RAILROAD COMPANY, | ) | | 09-83-MJR |
| | ) | | |
| A railroad corporation, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **COMPLAINT**

COMES NOW the plaintiff, Anthony J. Incaprera, by and through his attorneys, The Brennan Law Firm, P.C., and for his Complaint against the defendant, Union Pacific Railroad, a railroad corporation, states as follows:

1. The jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employer's Liability Act, 45 U.S.C. §51-60, as hereinafter more fully shown.

2. At all times mentioned herein, the defendant, Union Pacific Railway Company, was a railroad corporation, organized and existing by virtue of law.

3. At all times mentioned herein, the defendant, Union Pacific Railway Company, engaged in interstate transportation, business and commerce within the Southern District of Illinois; and maintained offices and railroad yards in the Southern District of Illinois.

4. At all times mentioned herein, the plaintiff, Anthony Incaprera, was a resident of Fairfield, Illinois, which is located within the Southern District of Illinois.

5. On or about October 19, 2007, and for seventeen (17) months prior thereto, and at all times mentioned herein, the plaintiff was a servant and employee of the defendant.

6. At all times mentioned herein, all or part of the duties of the plaintiff as such servant and employee furthered interstate commerce conducted by the defendant or in some way directly and substantially affected said commerce.

7. At all times mentioned herein, it was the duty of the defendant to provide plaintiff with a reasonably safe place in which to work, to provide plaintiff with reasonably safe conditions to work, and to provide plaintiff with reasonably safe tools and equipment.

8. On or about October 19, 2007, while performing his duties as a maintenance of way employee, the plaintiff was engaged in the activity of shoveling large ballast rock when he was caused to injure his back.

9. At said time, the defendant, by and through its agents, servants and employees, committed one or more of the following negligent acts or omissions:

    a) Failed to provide plaintiff with a reasonably safe place to work;

    b) Failed to provide reasonably safe conditions for work;

    c) Failed to provide reasonably safe methods of work;

    d) Failed to provide adequate equipment;

    e) Failed to provide a ballast regulator or backhoe;

    f) Failed to provide sufficient manpower;

    g) Failed to properly train plaintiff;

    h) Failed to properly monitor the workplace and instruct its employees of methods to reduce exposure to injuries;

    i) Required plaintiff to perform work which it knew, or reasonably should have known exceeded Plaintiff's physical abilities; and

    j) Ordered plaintiff to manually perform hazardous work after he requested that a nearby backhoe be used to perform said work.

10. As a result of the aforementioned conduct of the defendant, plaintiff was caused

to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to the nerves and soft tissue of his spine, discs and adjacent structures; Plaintiff suffered and will continue to suffer mental anguish; Plaintiff was caused to undergo medical treatment, tests, therapy and x-rays and will require future medical treatment; Plaintiff has lost wages, fringe benefits and will in the future lose further such wages and fringe benefits; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment and, possibly, surgery. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage.

WHEREFORE, plaintiff prays for judgment against defendant, Union Pacific Railway Company, a railroad corporation, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for his damages sustained plus costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

The Brennan Law Firm, P.C.

By:_____
Edward F. Brennan
Ryan Brennan
19 Bronze Pointe
Belleville, Illinois  62226
Phone:  (618) 236-2121
Fax:    (618) 236-1282
E-Mail:  kelder@peaknet.net

Attorneys for Plaintiff

3