IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY J. INCAPRERA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 09-cv-0083-MJR |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

    **A.**     **Introduction & Procedural Background**

Anthony J. Incaprera sues the Union Pacific Railroad Company for an injury sustained in the course of his employment as a maintenance-of-way employee. Incaprera alleges that on October 19, 2007, he injured his back while shoveling large ballast rock. He claims, *inter alia*, that Union Pacific failed to provide him with a reasonably safe place to work, reasonably safe methods of work and adequate equipment. The Court's jurisdiction is based upon the Federal Employer's Liability Act, 45 U.S.C. §51-60 (FELA).

Union Pacific moves for summary judgment (Doc. 27), contending that it is entitled to judgment as a matter of law because Incaprera cannot prove breach, foreseeability or causation. The motion is fully briefed and ready for disposition. For the reasons discussed herein, the motion for summary judgment is DENIED.

    **B.**     **Analysis**

Summary judgment is appropriate where the pleadings, discovery and disclosure

materials on file and any affidavits show that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. ***Estate of Suskovich v. Anthem Health Plans of Virginia, Inc.*, 553 F.3d 559, 563 (7th Cir. 2009),** *citing* **Fed. R. Civ. P. 56(c). *Accord Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008); *Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008).**

In ruling on a summary judgment motion, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party (here, Incaprera). ***Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).**

The non-movant cannot rest on his pleadings, though. Rather, the non-movant must provide evidence on which the jury or court could find in *his* favor. ***Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008).** As the Seventh Circuit Court of Appeals explained earlier this year:

> [T]he non-moving party must submit evidence that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006). The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party.

***Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 531-32 (7th Cir. 2009).**

Because the FELA is a remedial statute, courts liberally construe the statute in railroad worker's favor. ***Lisek v. Norfolk and Western Ry. Co.,* 30 F.3d 823, 831 (7th Cir. 1994); *Walker v. Northeast Regional Commuter R.R. Corp.*, 225 F.3d 895, 897 (7th Cir. 2000)**. Under the FELA, a railroad employee may recover damages for injury that results "*in whole or in part* from

the negligence" of the railroad or its employees or "by reason of any defect or insufficiency, due to its negligence, in its ... track, roadbed,... or other equipment." **45 U.S.C. § 51 (emphasis added)**. "[T]his has been interpreted to mean that the railroad is liable if 'the proofs justify with reason the conclusion that employer negligence played any part, *even the slightest*, in producing the injury or death for which damages are sought.'" ***Coffey v. Northeast Illinois Regional Commuter R. Corp. (METRA),* 479 F.3d 472, 476 (7th Cir. 2007)**, *quoting **Rogers v. Missouri Pacific R.R.*, 352 U.S. 500, 506 (1957) (emphasis added in *Coffey*) (additional citation omitted)**. "The fact that there may have been a number of causes of the injury is ... irrelevant as long as one cause may be attributable to the railroad's negligence." ***Id., quoting Heater v. Chesapeake & Ohio Ry.,* 497 F.2d 1243, 1246-47 (7th Cir. 1974)**.

In order to prevail on a FELA claim, the plaintiff must prove the common law elements of duty, breach, foreseeability and causation. ***Id.*; *Williams v. Nat'l R. R. Passenger Corp.,* 161 F.3d 1059, 1062 (7th Cir. 1998)**. As a result, "[a] FELA Plaintiff who fails to produce even the slightest evidence of negligence will lose at summary judgment." ***Williams,* 161 F.3d at 1061-62; *Coffey,* 479 F.3d at 477 (affirming grant of summary judgment for railroad and noting that "plaintiff, in short, has failed to make a prima facie case of negligence")**.

Incaprera was hired by Union Pacific in its Maintenance of Way Department on May 31, 2006. He began working as a trackman but later trained as a machine operator on a Jackson Tamper machine. According to Incaprera, on the date of the alleged injury, October 19, 2007, he felt competent and qualified to work as a machine operator but was still in training. Doc. 28, Exh. A, 46:21-47:6 (Incaprera Dep.).

On October 19, Incaprera began his shift operating the tamper. Other machine

3

operators behind Incaprera were using a ballast regulator and a backhoe.[1]  At some point, the foreman sent the other machine operators home although some rock still needed to be cleared.  *Id*., 110:15-22.  The foreman ordered Incaprera to shovel the rock.  *Id.,* 110:20-22.  Incaprera testified that he told the foreman that he did not want to shovel and that the ballast regulator should be used to clear the rock.  *Id*. 110:24-111:5.  He asserts that the foreman threatened to charge him with insubordination if he did not shovel, so he began to shovel despite the fact that the backhoe was sitting at the crossing he was working on.  *Id*., 111:5-14; 113:3-7.  According to Incaprera, the foreman yelled at him to work faster, "go, go, go, go, go, go," so Incaprera shoveled faster and with bigger loads to get the job done.  *Id*., 116:15-24;  117:7; 136:22-23.  He testified that the foreman began "screaming ... yelling at me and getting me all worked up and then ... it probably turned into unsafe shoveling because I was shoveling faster and shoveling bigger loads and trying to get the job done faster because he was ... hounding at my heels."  *Id*. 145:20-146:1.

        Incaprera also testified that he knew how to shovel rock at the time of his injury - that he knew not to make the shovel too heavy to lift and to lift with his legs instead of his back.  *Id*. 118:24-119:9.  Incaprera claims that after about 10 minutes, he had a twinge in the middle of his back, stopped shoveling and refused to resume.  *Id*., 113:13-18.  The foreman finished the job.  *Id*., 113:18-114:1.

        Incaprera alleges that he drove a co-worker home and mentioned to that co-worker that his back was getting stiff.  Ultimately, Incaprera was driven to Fairfield Hospital emergency

---

[1] Ballast regulators follow the tamper machine - which situates the ballast rock under the ties for proper support - and work to evenly sculpt the rock across the right-of-way, clearing stone from the ties and angling the rock to the proper slope for adequate drainage. http://www.american-rails.com/railroad-ballast-regulators.html

room.  Thereafter, he began a series of medical treatments because of back and left leg pain.  He was diagnosed with lumbar disc protrusion and underwent surgery on January 14, 2009.  Subsequent to the surgery, he participated in a work hardening program and continued with therapy.  Incaprera submits that on the advice of his surgeon, he has not returned to work at Union Pacific.

Turning to the elements of duty and breach, the Court notes that a railroad has a general duty to provide its employees with a safe workplace.  ***McGinn v. Burlington N.R. Co.*, 102 F.3d 295, 300 (7th Cir. 1996),** *citi***ng** ***Peyton v. St. Louis Sw. Ry. Co.*, 962 F.2d 832, 833 (8th Cir. 1992)**.  In determining whether that duty has been breached, the appropriate standard of care is "ordinary prudence."  ***Norfolk Southern Ry. Co. v. Sorrell,* 549 U.S. 158, 169 (2007)**.  "To establish that a railroad breached its duty to provide a safe workplace, the plaintiff must show circumstances which a reasonable person would foresee as creating a potential for harm."  ***McGinn,* 102 F.3d at 300 (7th Cir. 1996),** *citing* **Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 506 (1957);** *see also* ***Holbrook v. Norfolk S. Ry. Co.,* 414 F.3d 739, 742-744 (7th Cir. 2005)**.  As a result, negligence is not established under the FELA "unless the plaintiff shows the defendant had actual or constructive notice of the unsafe working conditions."  ***Dashner v. CSX Transp., Inc.*, 2009 WL 2060077, \*3 (S.D.Ill. 2009)**, *citing* ***Holbrook*, 414 F.3d at 742**.

Consistent with the relaxed standard as to duty and breach, there is also a relaxed standard for proving causation under the FELA.  ***Coffey*, 479 F.3d at 476,** *citing* ***Heater,* 479 F.3d at 1246-47**.  Moreover, in FELA cases, railroads may not employ "traditional" liability defenses such as the fellow servant rule, contributory negligence and assumption of risk.  ***Green v. CSX Transp., Inc.*, 414 F.3d 758, 766 n. 2 (7th Cir. 2005)*,*** *citing* ***Williams*, 161 F.3d at 1061**.

Here, taking Incaprera's assertions in his deposition as true, it appears that

5

Incaprera's foreman rushed him to complete the shoveling job because it was near quitting time; two machine operators had already been sent home; his foreman wanted to go home for the day; and his foreman was not receptive to Incaprera's suggestion to use alternative means to move the rock. Incaprera Dep., 116:15-117:7. Given the rushed circumstances, the refusal of the foreman to consider alternative means to complete the task, as well as his threatening Incaprera with an insubordination charge and shouting at him to hurry, it is not difficult to imagine that the potential for a foreseeably unsafe workplace arose. ***See, e.g., Gibbs v. Union Pacific R. Co.,* 2009 WL 3064956, \*5 (S.D.Ill. 2009) ("General hurriedness of the signal crew leads to an inference in [Plaintiff's] favor that, while a boom truck and coworkers may have been nearby, their assistance may have been unrealistic or discouraged.")**. It is at least questionable whether safety and efficiency would have been better served if the backhoe or ballast regulator had been used or if the three laborers present had also shoveled the rock. Either means of accomplishing the task could have prevented Incaprera from lifting the weight that allegedly caused his back injury.

Moreover, an inference exists that Union Pacific had constructive knowledge that an unsafe condition existed - particularly near the end of a shift - where an employee was pressured to hurry if shoveling was necessary to complete a task. The Court acknowledges that this inference rests upon a weak reed, but it is sufficient to withstand a motion for summary judgment in a FELA case.

The current stance of the case as to discovery supports the Court's conclusion. The undersigned District Judge admits to some perplexity regarding Incaprera's assertion that discovery in this case is at a very early stage (only his deposition had been taken) set against Union Pacific's submission that the deadline for filing a motion for summary judgment was October 15, 2009.

Under the amended scheduling and discovery order, entered June 30, 2009, the discovery deadline was June 8, 2010, and the dispositive motion deadline was June 23, 2010 (Doc. 24). On September 17, 2009, Magistrate Judge Frazier ordered that Union Pacific's motion for summary judgment had to be filed by October 15, 2009. As Union Pacific asserts, Incaprera has not objected to the deadline, and the Court must assume that, as to this issue, the parties know their case best. However, Judge Frazier's Order does not alter the discovery deadline which remains set for June 8, five months hence. Incaprera is entitled to the opportunity to pursue discovery to bolster, potentially, his assertion that Union Pacific possessed actual or constructive knowledge that an unsafe condition existed. For example, was it common practice, possibly for economic reasons, to send machine operators back near the end of a shift and then to hasten shoveling to avoid paying overtime? Or, more simply, as a cost-saving measure, did Union Pacific routinely curtail the use of equipment in favor of labor in spite of possibly increased risk to its employees? The Court cannot conclude on the record currently before it that no genuine issue of material fact exists as to whether Union Pacific had, at a minimum, constructive knowledge of an unsafe workplace.

That Union Pacific preached safety and that Incaprera's actions may have violated Union Pacific's safety rules have little bearing on the Court's decision. As stated above, under **Green**, the traditional tort defenses of contributory negligence and assumption of risk cannot be invoked in a FELA action. That Union Pacific potentially exhibited negligence, however slight, is sufficient to withstand a motion for summary judgment.

Union Pacific's assertions that the site was safe, that the shovel was in good condition, that Incaprera had shoveled before, that he was in good physical condition and that he was properly trained fail to refute Incaprera's testimony that his shoveling became unsafe because of the

7

pressure placed on him to hasten his completion of the job.  Moreover, the language "in whole or in part" makes clear that a railroad is liable if negligent even if the worker was far more negligent. **Coffey**, **479 F.3d at 476,** *citing Sorrell*, **549 U.S. at 173**.

Union Pacific asserts that Incaprera's testimony is inconsistent with the answers that he previously provided in his personal injury report.  "The district court should not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue for trial."  **Lewis v. City of Chicago,  496 F.3d 645, 651 (7th Cir. 2007),** *citing Albiero v. City of Kankakee*, **246 F.3d 927, 932 (7th Cir. 2001)**.  Union Pacific's assertion goes to the weight of the evidence and may be a matter for impeachment at trial, but it is not a basis for the Court's granting summary judgment, where the Court must believe the evidence of the nonmovant and draw all justifiable inferences in the nonmovant's favor.  **Id.**, *citing Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986)**.  As a result, summary judgment is not warranted.

    C.    <u>Conclusion</u>

For the foregoing reasons, the Court **DENIES** Union Pacific's motion for summary judgment (Doc. 27).

**IT IS SO ORDERED.**

**DATED this 7th day of January, 2010**

                                              <u>s/Michael J. Reagan</u>
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**